UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CEDRICK ST. JULIAN | CIVIL ACTION |
| VERSUS | NO. 20-589 |
| CHAPARRAL BOATS, INC. AND OCEAN MARINE GROUP, INC. | SECTION M (3) |

## ORDER & REASONS

On March 31, 2020, defendant Ocean Marine Group, Inc. ("Ocean Marine") filed a motion to dismiss under Rules 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure for lack of personal jurisdiction and improper venue, or alternatively, to transfer venue.[1] The motion was set for submission on April 23, 2020.[2] Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion must be filed no later than eight days before the noticed submission date, which in this case was April 15, 2020. Plaintiff Cedrick St. Julian, who is represented by counsel, has not filed a memorandum in opposition to Ocean Marine's motion.

Accordingly, because the motion to dismiss is unopposed, and it appearing to the Court that the motion has merit,[3]

---

[1] R. Doc. 10.

[2] R. Doc. 10-2.

[3] In August 2017, St. Julian purchased from Ocean Marine a boat manufactured by defendant Chaparral Boats, Inc. R. Doc. 1 at 2. The sale was confected at Ocean Marine's showroom in Ocean Springs, Mississippi. *Id.* St. Julian subsequently filed this action against Ocean Marine and Chaparral, alleging that the boat is defective and seeking damages or rescission of the sale. *Id.* at 2-6. Ocean Marine filed the instant motion to dismiss arguing that it is not subject to general or specific personal jurisdiction in Louisiana because it does not have a dealership, repair facility, or any offices or employees in Louisiana, does not specifically market products or advertise to potential customers in Louisiana, and has no contacts with Louisiana with respect to the sale of the boat in Mississippi. R. Doc. 10-1 at 2-4.

Federal Rule of Civil Procedure 12(b)(2) confers a right to dismissal of claims against a defendant where personal jurisdiction is lacking. Personal jurisdiction is "an essential element of the jurisdiction of a district court, without which the court is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (internal quotation marks omitted). A federal court may exercise personal jurisdiction over a non-resident defendant if (1) the forum state's long-arm statute confers personal jurisdiction over the defendant, and (2) the exercise of personal jurisdiction comports with due process under the United States Constitution. *Electrosource, Inc. v. Horizon Battery Techs., Ltd.*, 176 F.3d 867, 871 (5th Cir. 1999). Louisiana's "long-arm statute authorizes the

IT IS ORDERED that Ocean Marine's motion to dismiss for lack of personal jurisdiction is GRANTED as unopposed, and St. Julian's claims against Ocean Marine are DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this 17th day of April, 2020.

                                                  BARRY W. ASHE
                                                  UNITED STATES DISTRICT JUDGE

---

exercise of personal jurisdiction to the limits of due process." *Choice Healthcare, Inc. v. Kaiser Found. Health Plan of Colo.*, 615 F.3d 364, 365 (5th Cir. 2010). Hence, "the Court need only consider whether the exercise of jurisdiction in this case satisfies federal due process requirements." *Embry v. Hibbard Inshore, LLC*, 2019 WL 2744483, at *2 (E.D. La. July 1, 2019) (citing *Dickson Mar. Inc. v. Panalpina, Inc.*, 179 F.3d 331, 336 (5th Cir. 1999)).

An individual's liberty interest is protected by federal due process through the requirement that individuals have "fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 218 (1977) (Stevens, J., concurring)). For purposes of personal jurisdiction, the due-process inquiry determines whether the defendant has purposefully availed itself of the benefits and protections of the forum state through "minimum contacts" with the forum, and whether the exercise of jurisdiction over the defendant "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Personal jurisdiction may be general or specific. *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006). For a court to exercise general jurisdiction, the defendant's contacts with the forum must be "so continuous and systematic" as to render the defendant "at home" in the forum state. *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (place of incorporation and principal place of business are paradigm bases for general jurisdiction over a corporation) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). To exercise specific jurisdiction, a court must determine:

> (1) whether the defendant has minimum contacts with the forum state, *i.e.*, whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

*Seiferth*, 472 F.3d at 271 (quoting *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir. 2002)).

Here, there appears to be no basis upon which to exercise either general or specific personal jurisdiction over Ocean Marine in Louisiana. Louisiana is not the state of Ocean Marine's incorporation or its principal place of business. Ocean Marine submits that it has no continuous affiliations or contacts with Louisiana as to be at home there, that it does not purposefully avail itself of doing business in Louisiana, and that the transaction at issue took place in Mississippi. Rather, the only alleged contact with Louisiana is that St. Julian happens to live in that state. The plaintiff's contacts with a state, by themselves, are insufficient to supply the constitutional nexus required to exercise personal jurisdiction over a defendant in that state.